UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WASHINGTON AVENUE APARTMENTS, LLC,** *Plaintiff* | CASE NO. |
| | JUDGE: |
| v. | |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO BINDING AUTHORITY B604510568622021 and INDEPENDENT SPECIALTY INSURANCE COMPANY,** *Defendant* | MAGISTRATE JUDGE: |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, comes Plaintiff, Washington Avenue Apartments, LLC, who respectfully submits this Complaint for Damages against Defendants, Certain Underwriters at Lloyd's, London Subscribing to Binding Authority B604510568622021 and Independent Specialty Insurance Company, and further respectfully avers as follows:

### PARTIES

**1.**

Plaintiff, Washington Avenue Apartments, LLC ("Plaintiff"), is a citizen of the State of Louisiana and is of the full age of majority.

**2.**

Defendant, Certain Underwriters at Lloyd's, London Subscribing to Binding Authority B604510568622021 ("Lloyd's" or "Defendant"), is a foreign insurance company domiciled in New York, authorized to do and doing business in this State.

**3.**

Defendant, Independent Specialty Insurance Company ("Independent Specialty" or "Defendant"), is a foreign insurance company domiciled in Tennessee, authorized to do and doing business in this State.

**JURISDICTION AND VENUE**

**4.**

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and § 1441 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

**5.**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to the subject claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

**FACTUAL BACKGROUND**

**6.**

At all pertinent times and specifically during Hurricane Ida, Plaintiff owned the property located at 3719 Washington Avenue, New Orleans, Louisiana 70125 ("the Property").

**7.**

Plaintiff obtained a commercial property insurance policy from Defendants for the period of March 27, 2021 to March 27, 2022, identified as Policy No. 2021-800689-01 ("the Policy"), which covered the Property against damage caused by, among other perils, wind, hail, and/or water.

**8.**

At all pertinent times, the Policy was in full force and effect.

**9.**

On or about August 29, 2021, Hurricane Ida made landfall near Port Fourchon, Louisiana, as a Category Four hurricane with maximum sustained winds of 145 miles per hour.

**10.**

Plaintiff's building was substantially damaged as a result of Hurricane Ida.

**11.**

In compliance with the Policy, Plaintiff provided timely notice of the loss by submitting a claim ("the Claim") to Defendants and took reasonable steps to mitigate the damage caused by the loss events as soon as reasonably possible.

**12.**

Upon notification of the loss on or about September 2, 2021, Defendants assigned a representative to inspect the Property and produce an estimate of the damage.

**13.**

The inspection of the Property by a representative of Defendants on or about September 23, 2021 constituted satisfactory proof of loss as that term is used in conjunction with La. R.S. § 22:1892 and § 22:1973.

**14.**

Defendants' estimate of the damages dated October 9, 2021 was grossly inaccurate, omitting several damaged items and failing to include the full scope of necessary, covered repairs for other items.

**15.**

Despite being in possession of sufficient documentation to fully apprise itself of the actual loss to the Property as a result of Hurricane Ida, Defendant failed to pay the amount due to Plaintiff in connection with the Claim and failed to make a written offer to Plaintiff to properly settle the Claim within thirty (30) days after its initial inspection on September 23, 2021.

**16.**

Defendants have unjustifiably failed to perform its obligations under the Policy by wrongfully and unfairly limiting payment on the Claim.

**17.**

As a result of Defendants' failure to properly adjust and timely pay the Claim, Plaintiff has incurred professional expenses, including expert and/or attorney fees, to assist in proper adjustment and full payment of the Claim.

**18.**

Additionally, Defendants' failure to properly adjust and timely pay the Claim has caused Plaintiff to endure significant mental anguish, aggravation, and inconvenience.

**19.**

Defendants' acts and omissions in failing to timely pay the Claim within sixty (60) days of its initial inspection are arbitrary, capricious, and without probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**20.**

As a result of Defendants' failures to properly and timely pay the Claim, Plaintiff has and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with the completion of the repairs.

## CAUSES OF ACTION

**A. Breach of Contract**

21.

All allegations contained in this Complaint are hereby adopted and re-alleged.

22.

Despite having satisfactory proof of loss on September 23, 2021, Defendants failed to timely tender adequate funds under the Policy.

23.

At all pertinent times, an insurance contact – the Policy – existed between Plaintiff and Defendants, which provided coverage for the damages to the insured Property resulting from Hurricane Ida.

24.

Upon information and belief, Defendants breached the Policy by purposely and/or negligently failing to timely tender proceeds due after having received satisfactory proof of loss, misrepresenting the terms and conditions of the Policy at issue, and conducting the investigation and claims handling in bad faith.

25.

Plaintiff has suffered and continues to suffer general, special, and/or consequential damages as a result of Defendants' breach of the insurance contract.

**B. Bad Faith**

26.

All allegations contained in this Complaint are hereby adopted and re-alleged.

**27.**

The actions and/or omissions of Defendants in failing to adequately compensate Plaintiff for the covered losses under the Policy were "arbitrary," "capricious," and "without probable cause" as those terms are used in conjunction with La. R.S. § 22:1892 and § 22:1973.

**28.**

Under La. R.S. § 22:1892, an insurer is liable for bad faith penalties, attorney fees, and costs when it fails to adequately pay claims following satisfactory proof of loss within thirty (30) days or make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proof of loss.

**29.**

Defendants are in violation of La. R.S. § 22:1892 for failing to adequately pay or make a written offer to settle the Claim within thirty (30) days of the satisfactory proof of loss it received at the initial inspection of the Property following Hurricane Ida on or about September 23, 2021, and is therefore liable for penalties, attorney fees, and costs under this statute.

**30.**

Under La. R.S. § 22:1973, an insurer is liable for consequential damages, in addition to a two-times penalty, when it breaches its duty of good faith and fair dealing to its insureds by failing to properly pay the claim within sixty (60) days of receipt of satisfactory proof of loss when such failure is arbitrary, capricious, or without probable cause.

**31.**

Defendants are in violation of La. R.S. § 22:1973 for failing, arbitrarily, capriciously, and without probable cause, to adequately pay the Claim within sixty (60) days of the satisfactory proof of loss it received at the initial inspection of the Property following Hurricane Ida on or about

September 23, 2021, and is therefore liable for consequential damages and a two-times penalty under this statute.

**32.**

Plaintiff has suffered and continues to suffer general, special, and/or consequential damages as a result of Defendants' bad faith.

**DAMAGES**

**33.**

All allegations contained in this Complaint are hereby adopted and re-alleged.

**34.**

As a result of the actions or omissions of Defendants, Plaintiff has suffered the following nonexclusive list of past, present, and future damages:

a. Damage to the building located at the Property;

b. Mitigation, remediation, and repair costs;

c. Diminution in value;

d. Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;

e. Loss of income;

f. Mental anguish, consequential damages, and all other applicable damages covered under any of the applicable coverage afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, and increased cost of construction;

g. Attorney fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendants' breaches of its contractual and legal duties and obligation, including the failure to timely pay sums owed under the Policy; and

h. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

**35.**

The amount in controversy is sufficient to justify a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Washington Avenue Apartments, LLC, prays that Defendants, Certain Underwriters at Lloyd's, London Subscribing to Binding Authority B6045105686220 21 and Independent Specialty Insurance Company, are duly served with a Summons, Notice, and copy of this Complaint and, after due proceedings are had, that there be a judgment rendered herein in favor of Plaintiff, Washington Avenue Apartments, LLC, and against Defendants, Certain Underwriters at Lloyd's, London Subscribing to Binding Authority B6045105686220 21 and Independent Specialty Insurance Company, for all damages sustained, as addressed above, bad faith damages for breach of the statutory duties described above, bad faith damages for breach of Defendants' duty of good faith and fair dealing, and penalties, attorney fees, together with legal interest (pre-judgment and post-judgment) from the date of demand, until paid, and for all costs associated with these proceedings, expert fees and costs, and all other damages Plaintiff is entitled to under the law.

Plaintiff further prays for such other and further relief as may be proper and this Court is competent to grant.

Respectfully submitted,

/s/Bruce C. Betzer
Bruce C. Betzer, Bar No.: 26800
***The Law Office of Bruce C. Betzer***
**A Professional Limited Liability Company**
3129 Bore St., Metairie, Louisiana 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
Email: bruce@brucebetzer.com

*Attorney for Plaintiff, Washington Avenue Apartments, LLC*

**PLEASE SERVE:**
Certain Underwriters at Lloyd's, London
*Through its agent for Service of Process*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

and

Independent Specialty Insurance Company
*Through its agent for Service of Process*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809